SNOW v. MAST et al.

(Circuit Court, S. D. Ohio, W. D. August 4, 1894.)

1. COPYRIGHT OF PHOTOGRAPH — EQUITY JURISDICTION — SUIT FOR PENALTIES AND FORFEITURES.

Complainant filed a bill to recover penalties and enforce forfeitures, under Rev. St. §§ 4963, 4965, for infringement of copyright on a photograph, and also prayed an injunction, and that defendants be required particularly to answer how many copies they had sold. *Held,* that there was an adequate remedy by action at law, and equity had no jurisdiction.

2. SAME—DISCOVERY.

Under Rev. St. § 860, an alleged infringer of a copyright on a photograph cannot be required, by answer or otherwise, to disclose any fact upon which a claim against him for penalties and forfeitures accruing under Rev. St. §§ 4963, 4965, may depend.

This was a bill in equity by Blanche L. Snow against Mast, Crowell & Kirkpatrick for infringement of copyrights of photographs.

Wood & Boyd, for complainant.
Keifer & Keifer, for respondents.

SAGE, District Judge (orally). The bill is for an injunction and account. It is founded upon the alleged infringement by defendants of three separate copyrights of photographs, with reference to each of which the complainant seeks to recover penalties for the violation of sections 4963, 4965, Rev. St. U. S. The complainant prays for an injunction, and that the defendants appear and answer all the averments of the bill,—particularly, how many copies of each of said copyrighted photographs they have sold, and the number they have on hand,—and that they may be ordered and decreed to render an account of the copies that they have sold, or in any wise disposed of, together with those on hand or under their control; also, that they may be ordered to surrender and deliver up the copies on hand or under their control, and the plates from which they were made, to an officer of the court, to be sold or destroyed, and that they may be ordered to pay into court, to be distributed according to law, the damages established by law as the penalty for their aforesaid unlawful acts and doings, and for other relief. The defendants demur to the bill generally for want of equity, and that the bill is multifarious, and for other reasons.

The demurrer will be sustained, and the bill dismissed. The complainant has a plain, adequate, and complete remedy at law, by an action. This consideration, of itself, disposes of the bill, under sec-

tion 723, Rev. St. U. S., and under the general rule as to equity jurisdiction. In addition to this, section 860, Id., provides that no pleading of a party, nor any discovery or evidence obtained from him, whether as a party or witness, by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture. The defendants cannot be required to make disclosure, by answer or otherwise, of any fact upon which the claim against them may depend, nor can they be required to produce any books or papers which would subject them to a penalty. Johnson v. Donaldson, 3 Fed. 22. Even in a civil action for the recovery of a penalty, the defendant is exempt from answering specifically the allegations of the petition. The proper answer, in such a case, is that he is not guilty of the wrongs charged against him.

It is not necessary to consider any of the other grounds upon which the demurrer is based. There is no case in equity against the defendants. The bill will be dismissed at the complainant's cost.